■ DANIEL J. MASON, as Executor of HUGH MASON, Deceased, Appellant, v LAWRENCE A. MAZZARELLA, Respondent. [599 NYS2d 80] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), entered July 5, 1990, as, upon a jury verdict, failed to award his decedent any damages for future pain and suffering.

Ordered that on the court's own motion, Daniel Joseph Mason, as executor of the estate of Hugh Mason, is substituted as the party plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and a new trial is granted on the issue of damages for future pain and suffering only.

The plaintiff's decedent commenced this medical malpractice action alleging that the defendant's untimely diagnosis and treatment of cancer of the larynx led to radical surgery, which included removal of his voice box. After a trial, the jury found the defendant liable and awarded the plaintiff's decedent $50,000 for past pain and suffering. However, it did not make any award for future pain and suffering. In view of the undisputed evidence that the plaintiff's decedent would continue to experience pain and suffering, including, *inter alia,* inability to speak, loss of sense of taste, chronic neck pain, and susceptibility to infection, the failure of the jury to make an award for future pain and suffering deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). The plaintiff's decedent died during the pendency of this appeal. Accordingly, a new trial should be had on the issue of the decedent's damages for pain and suffering from the date of

the jury's verdict in the first trial until his death. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.